# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4213 | **DATE** | 6/22/2012 |
| **CASE TITLE** | Darnell Ford (#2012-0214095) vs. Cermak Dental Services, et al. | | |

**DOCKET ENTRY TEXT**

In its prior order of 6/6/12, the court granted plaintiff's motion to proceed *in forma pauperis*. This order sets out the method by which the trust fund account officer at plaintiff's place of confinement may make deductions from plaintiff's account to pay the $350 filing in accordance with 28 U.S.C. § 1915(b). The clerk shall send a copy of this order to the trust fund account officer at the Cook County Jail. On the court's own motion, counsel is appointed to represent plaintiff. The court appoints Joseph E. Tilson, Meckler, Bulger & Tilson, 123 North Wacker Drive, Suite 1800, Chicago, IL 60606, (312) 474-7880, email: joe.tilson@mbtlaw.com, to represent plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rule 83.11(g). Within 30 days of the date of this order, counsel shall enter an appearance for plaintiff. Within 45 days of the date of this order, counsel shall file an amended complaint, if an amended complaint comports with counsel's obligations under Fed. R. Civ. P. 11. The current complaint is dismissed without prejudice to the submission of an amended complaint. The clerk shall mail a copy of the complaint to counsel.

■[ For further details see text below.]                                                   Docketing to mail notices.

## STATEMENT

Plaintiff Darnell Ford, incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 action naming as defendant Cermak Dental Services. Plaintiff states that the upper top back row of his teeth were broken by supermarket employees on February 13, 2012, during his arrest. Plaintiff states that he has been unable to see a dentist at the jail because appointments have been set at the same time as his court dates. His complaint indicates that he may have had one dental visit and been once seen by a nurse, but has had no follow up visits. He alleges that his face is still swollen and that he has been spitting blood and pus.

On June 6, 2012, the court granted plaintiff's motion for leave to file his complaint *in forma pauperis*. In accordance with 28 U.S.C. § 1915(b), the court instructs the trust fund officer to make deductions from plaintiff's trust fund account in the following manner. The initial partial filing fee is waived. The trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, Illinois 60604, Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Preliminary review of the allegations described above, *see* 28 U.S.C. § 1915A, indicates that plaintiff has stated a colorable cause of action of deliberate indifference to his dental needs, *see McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Berry v. Peterman*, 604 F.3d 435, 440-43 (7th Cir. 2010); however, Cermak Dental Services is not a suable entity. *See Glass v. Fairman*, 992 F. Supp 1040, 1043 (N.D. Ill. 1998) (Cermak Health Services is not considered separate from Cook County and is not a suable entity). Plaintiff should name as defendant(s) the person and/or entities responsible for preventing him from receiving dental

| STATEMENT |
|---|

treatment. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must not only state a valid claim but also must provide each defendant with notice of the claim being alleged and the grounds upon which the claim is based).

Given the nature of Plaintiff's claims, as well as the lack of clarity as to who he seeks to sue, the court appoints counsel for Plaintiff. The court appoints Joseph E. Tilson, Meckler, Bulger & Tilson, 123 N. Wacker Dr., Suite 1800, Chicago, IL 60606, (312) 474-7880, email: joe.tilson@mbtlaw.com, to represent plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rules 83.11(g). Within 30 days of the date of this order, counsel shall enter an appearance for plaintiff. Within 45 days of the date of this order, counsel shall file an amended complaint, if an amended complaint comports with counsel's obligations under Fed. R. Civ. P. 11. The current complaint is dismissed without prejudice to the submission of an amended complaint.

The court further notes that a class has been certified for "all inmates housed at Cook County Department of Corrections on or after January I, 2007, who have made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." *Smenteck v. Sheriff of Cook County*, No. 09 C 529 (N.D. Ill.) (Lefkow, J.) (Order of 8/17/11.) However, it is unclear from plaintiff's allegations if he falls within this class. Appointed counsel can assist in determining if plaintiff is a member of the class and, if he is, either opt out of the class and proceed separately or dismiss the current suit and proceed as a class member.